**Angel L. RIVERA, Plaintiff(s)**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant(s).**

**Civil No. 03–2065 (JAG).**

United States District Court, D. Puerto Rico.

March 29, 2005.

Melba N. Rivera–Camacho, Melba N. Rivera Camacho & Assoc., Carolina, PR, for Plaintiff.

Camille L. Velez–Rive, Katherine Gonzalez–Valentin, Lisa E. Bhatia–Gautier, United States Attorney's, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On April 9, 2002, plaintiff Angel L. Rivera ("Rivera") sought review, pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying him disability insurance benefits (Docket No. 1). Both parties have filed memoranda in support of their respective positions (Docket Nos. 5, 7). Upon review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision.

## FACTUAL BACKGROUND

Rivera was born on July 18, 1965. He has a twelfth-grade education and performed past relevant work as a janitor and messenger. On January 23, 2001, Rivera filed an application for disability and disability insurance benefits alleging an inability to work since November 21, 1997, due to carpal tunnel syndrome, low back pain, and discongenic disease. The Social Security Administration ("SSA") denied the application initially and on reconsideration. On September 17, 2002, the Administrative Law Judge ("ALJ"), upon *de novo* review, found that Rivera was not under a disability. On August 18, 2003, the Appeals Council denied review of the ALJ's decision, rendering it the final decision of the Commissioner, subject to judicial review.

## DISCUSSION

To establish entitlement to benefits, Rivera bears the burden of proving that he became disabled within the meaning of the Act. *See, e.g., Deblois v. Secretary of HHS,* 686 F.2d 76, 79 (1st Cir. 1982). Rivera may be considered disabled within the meaning of the Act only if he is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1). His impairment must be so severe as to prevent him

from working, not only in his usual occupation, but in any other substantial gainful work considering his age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; Rivera must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *See, e.g., McDonald v. Secretary of HHS,* 795 F.2d 1118, 1120 (1st Cir.1986). Moreover, Rivera's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Secretary of HHS,* 797 F.2d 19, 20–21 (1st Cir.1986).

■ The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater,* 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Secretary of HHS,* 647 F.2d 218, 222 (1st Cir.1981).

In this case, the ALJ reviewed the opinions of several treating physicians and found that, even though Rivera had an impairment or combination of impairments considered severe, as of December 31, 2001, his date of last insured, he had the residual functional capacity to perform light work and was, thus, not found to be under a disability. Rivera now appeals from that determination.

■ Rivera first argues that the ALJ erroneously disregarded his mental disorder based on the premise that he was not undergoing psychiatric treatment before his date of last insured. The ALJ's determination, however, was not only based on the fact that Rivera did not seek treatment for his depression. The ALJ does note that the evidence shows that claimant did complain of depression. (Tr. at 18). What the ALJ states is the basis for that determination is that there is no evidence on the record to support the claim that before his date of last insured Rivera suffered from a depression of such severity that he could be found disabled.

■ Rivera further argues that the ALJ failed to consider that even if the depression was not sufficiently severe by itself, if taken into consideration along with his other impairments a finding of disability could be supported. Rivera, however, limits himself to quoting statutory language without an attempt at applying it to his particular case. In other words, he does not point out to specific evidence on the record that could support his contention. It is a "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990).

■ Rivera next argues that the ALJ also failed to consider claimant's non-exertional impairments as stated by Dr. Iguina–Mella, i.e. that he is unable to stand, sit, or walk for prolonged periods of time and that his legs should be elevated at all times. Dr. Iguina–Mella's prescribed treatment, however, does not support Rivera's argument but rather lends support to the ALJ's determination that he can perform light work. Dr. Iguina–Mella recommended that claimant not sit or stand for periods longer than two hours, but that he walk or exercise at intermittent periods of time. (Tr. at 150–151). This is consistent with the duties required by light work. Furthermore, Dr. Iguina–Mella recommended that claimant sleep with his feet elevated, not that he should have them elevated at all times.

■ Lastly, Rivera argues that the ALJ did not give serious consideration to his allegations of pain and its effect on his functional limitations. In other words, that the ALJ erred in not further exploring claimant's allegations of pain by inquiring about his daily activities and how these were affected by it. The ALJ, however, did inquire into claimant's daily activities such as dressing, driving, and shopping. (Tr. At 32, 34). Thus, the ALJ did take Rivera's allegations of pain and how they affected his daily life into consideration before rendering his decision to deny claimant disability benefits.

### CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Commissioner's decision to deny Rivera disability insurance benefits. Judgment shall enter accordingly.

IT IS SO ORDERED.